IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY C. KVITKA and<br>NIKEL ENTERPRISES, INC.,<br>　　　　Plaintiffs and<br>　　　　Counterclaim<br>　　　　Defendants<br>and<br><br>RICHARD KVITKA,<br>　　　　Counterclaim<br>　　　　Defendant<br><br>v.<br><br>THE PUFFIN COMPANY, L.L.C.,<br>KEITH KAONIS, and JOYCE<br>KEKATOS,<br><br>　　　　Defendants and<br>　　　　Counterclaim<br>　　　　Plaintiffs | No. 1:06-CV-0858<br><br>JUDGE SYLVIA H. RAMBO |

**MEMORANDUM AND ORDER**

Before the court is Plaintiffs' motion for leave to file an interlocutory appeal and certification pursuant to 28 U.S.C. § 1292(b). Defendants have responded. The matter is ripe for disposition.

**I.     Background**

Title 28 U.S.C. § 1292(b) allows for an interlocutory appeal where the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of litigation. The instant motion arises as a result of an order of

this court dated February 13, 2009 in which this court dismissed plaintiffs' claims with prejudice and permitted an adverse inference instruction on behalf of Defendants at trial on Defendants' counterclaims.  This ruling resulted from a finding by this court that Plaintiffs had committed spoliation of evidence, i.e., the destruction of a laptop computer.  Plaintiffs cite three reasons for granting the motion for leave to file an interlocutory appeal: (1) the United States Court of Appeals for the Third Circuit has not provided guidance on appropriate sanctions involving electronic spoliation; (2) there was no hearing on this issue; and (3) the treatment of the spoliation issue will have a material effect on the imposition of attorney fees which constitute the remaining issue in the case.

**II.        Discussion**

      **A.    The Third Circuit Position on Spoliation as Applied to Electronic Evidence**

Spoliation is spoliation regardless of the form of the evidence.  This court's memorandum of February 13, 2009, cited to *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78 (3d Cir. 1994), for support of the imposition of sanctions where evidence has been destroyed.  The Third Circuit is not a stranger to the spoliation issue.

      **B.    Hearing on Spoliation Issue**

The court's decision was based on the evidence submitted on the record – in particular Plaintiff Nancy Kvitka's deposition, answers to interrogatories and letters.  At no time did Plaintiffs request a hearing to supplement the record.

### C. Material Advancement of the Termination of the Litigation

There are remaining issues in this case for trial and the appeal will not terminate these issues. These issues are Defendants' counterclaims which consist of (1) breach of contract (covenant of good faith and fair dealing), (2) interference with business relations; (3) fraud; (4) indemnification; and (5) RICO violations.

### III.     Conclusion and Order

For the reasons set forth above, Plaintiffs have not established that the appeal would involve a controlling question of law as to which there is a substantial ground for difference of opinion and would materially advance the ultimate termination of this litigation. **IT IS THEREFORE ORDERED THAT** Plaintiffs' motion for leave to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is **DENIED**. An order setting forth the case management deadlines on the counterclaims will issue separately.

s/Sylvia H. Rambo
United States District Judge

Dated: March 24, 2009.