IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NANCY C. KVITKA and
NIKEL ENTERPRISES, INC.,
: No. 1:06-CV-0858
: JUDGE SYLVIA H. RAMBO
    Plaintiffs and
    Counterclaim
    Defendants
and

RICHARD KVITKA,
    Counterclaim
    Defendant

v.

THE PUFFIN COMPANY, L.L.C.,
KEITH KAONIS, and JOYCE
KEKATOS,

    Defendants and
    Counterclaim
    Plaintiffs

## MEMORANDUM

Before the court are motions for sanctions pursuant to Federal Rule of Civil Procedure 11 filed by Defendants The Puffin Co. L.L.C., and Keith Kaonis, (Doc. 88), and Joyce Kekatos, (Doc. 90). The motions have been fully briefed by the parties, and are ripe for disposition.[1]

The movants seek counsel fees and expenses in defending the suit to date. The conduct for which they seek sanctions is the knowing destruction by Plaintiffs of email and an old computer, which were important to either support Plaintiffs' claims and/or which Defendants could use to support their defenses to the complaint or their counterclaims. Defendants sought substantially similar relief for

---

[1] Plaintiffs' brief in opposition to Defendants' respective motions was late. While not condoning this lateness, because of the severity of the sanctions requested, the court will consider the arguments raised by Plaintiffs.

this same conduct in their motion for summary judgment, where they sought dismissal of Plaintiffs' claims because of the spoliation of evidence.

Federal Rule of Civil Procedure 11 advisory committee's note (1993) states:

> The revision leaves for resolution on a case-by-case basis, considering the particular circumstances involved, the question as to when a motion for violation of Rule 11 should be served and when, if filed, it should be decided. Ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely. In other circumstances, it should not be served until the other party has had a reasonable opportunity for discovery. Given the "safe harbor" provisions discussed below, a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention).

In *Mary Ann Pensiers v. Lingle*, 847 F.2d 90, 99-100 (3d Cir. 1988), the court stated:

> We will henceforth require prompt action by a litigant whenever a Rule violation appears. In that way, the district court will be able to decide the matter in a timely fashion so as to eliminate additional appeals.
>
> To carry out the objectives of expeditious disposition, we adopt as a supervisory rule for the courts in the Third Circuit a requirement that all motions requesting Rule 11 sanctions be filed in the district court before the entry of a final judgment. Where appropriate, such motions should be filed at an earlier time – as soon as practicable after discovery of the Rule 11 violation.

Defendants knew no later than November 18, 2008, and perhaps earlier, that a violation of Rule 11 had occurred. (*See* Doc. 55.) However, rather than file for sanctions under Rule 11,[2] Defendants filed a motion for summary judgment based on spoliation of evidence. On February 13, 2009, this court granted the motion for partial summary judgment, and entered the following sanctions: (1)

---

[2] The motions for Rule 11 sanctions were filed on June 15, 2009 (Doc. 88) and June 22, 2009 (Doc. 90).

2

Plaintiffs' claims were dismissed; (2) an adverse inference instruction would be given at trial as to Defendants' crossclaims; and (3) Plaintiffs would be precluded from arguing that anyone tampered with paper copies of emails possessed by Defendants (Doc. 76).

Preclusion orders are another form of sanctions under Rule 11. In *Johnson v. Secretary of the Dept. of Health & Human Services*, 587 F. Supp. 1117, 1121 (D.D.C. 1984), the court ordered several facts, all favorable to the plaintiff, deemed admitted by the government. In *W.W.W. Pharmaceutical Co. v. Gillette Co.*, 808 F. Supp. 1013 (S.D.N.Y. 1992), *aff'd* 984 F.2d 567, 570 n.2 (2d Cir. 1993), the court, in consideration of a motion to amend a Rule 11 order imposing monetary sanctions and excluding a witness, found that the exclusion of the witness' testimony alone was a sufficient and appropriate sanction.

In the instant case, Plaintiffs have suffered a severe sanction by the preclusion of their claims. They may suffer further from a possible verdict against them on Defendants' counterclaims. The request for counsel fees and expenses under Rule 11 amounts to Defendants being given a second bite of the apple, and to grant such a motion would lead to a draconian result. Accordingly, the court will deny Defendants' motions.

An appropriate order will be issued.

s/Sylvia H. Rambo<br>SYLVIA H. RAMBO<br>United States District Judge

Dated: August 21, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NANCY C. KVITKA and
NIKEL ENTERPRISES, INC.,
: No. 1:06-CV-0858
: 
: JUDGE SYLVIA H. RAMBO
    Plaintiffs and
    Counterclaim
    Defendants
and

RICHARD KVITKA,
    Counterclaim
    Defendant

v.

THE PUFFIN COMPANY, L.L.C.,
KEITH KAONIS, and JOYCE
KEKATOS,

    Defendants and
    Counterclaim
    Plaintiffs

# ORDER

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motions for sanctions (Docs. 88 and 90) are denied.

                                              s/Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: August 21, 2009.